

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 16-30481

_____

D.C. Docket No. 6:11-CV-557
D.C. Docket No. 6:11-CV-1686

**A True Copy**
**Certified May 02, 2017**

Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

United States Court of Appeals
Fifth Circuit
**FILED**
April 10, 2017
Lyle W. Cayce
Clerk

VIRGIE ANN ROMERO MCBRIDE,

    Plaintiff - Appellee Cross-Appellant

v.

ESTIS WELL SERVICE, L.L.C.,

    Defendant - Appellant Cross-Appellee

-------------------------------------------------------------------

SAUL C. TOUCHET,

    Plaintiff - Appellee Cross-Appellant

v.

ESTIS WELL SERVICE, L.L.C.,

    Defendant - Appellant Cross-Appellee

Appeals from the United States District Court for the
Western District of Louisiana, Lafayette

Before SMITH and HAYNES, Circuit Judges, and JUNELL, District Judge.*

_____

*District Judge of the Western District of Texas, sitting by designation.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

No. 16-30481

United States Court of Appeals
Fifth Circuit
**FILED**
April 10, 2017
Lyle W. Cayce
Clerk

VIRGIE ANN ROMERO MCBRIDE,

      Plaintiff - Appellee Cross-Appellant

v.

ESTIS WELL SERVICE, L.L.C.,

      Defendant - Appellant Cross-Appellee

----------------------------------------------------------------------

SAUL C. TOUCHET,

      Plaintiff - Appellee Cross-Appellant

v.

ESTIS WELL SERVICE, L.L.C.,

      Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Western District of Louisiana

Before SMITH and HAYNES, Circuit Judges, and JUNELL, District Judge.*

HAYNES, Circuit Judge:

      This consolidated Jones Act and general maritime law case arises out of an accident on a barge in the navigable waterways of Louisiana. The owner of

---

* District Judge of the Western District of Texas, sitting by designation.

Case: 16-30481    Document: 00513975147    Page: 2    Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH   Document 154   Filed 05/02/17   Page 4 of 12 PageID #: 6089

No. 16-30481

the barge, Defendant Estis Well Services, L.L.C., appeals from the district court's judgment in favor of plaintiffs Virgie Ann Romero McBride, individually and on behalf of the minor child I.M.S., and Saul C. Touchet.[1] For the reasons explained below, we AFFIRM.

## I. Background

This is the second time this case has come before our court. The first appeal was interlocutory, and we held in an en banc opinion that McBride[2] and Touchet could not recover punitive damages on their Jones Act and general maritime law claims. *See McBride v. Estis Well Service, L.L.C.*, 768 F.3d 382 (5th Cir. 2014) (en banc). The accident in this case and the subsequent claims filed against Estis were previously described in the en banc opinion as follows:

> These consolidated cases arise out of an accident aboard Estis Rig 23, a barge supporting a truck-mounted drilling rig operating in Bayou Sorrel, a navigable waterway in the State of Louisiana. The truck right toppled over, and one crew member, Skye Sonnier, was fatally pinned between the derrick and mud tank, and three others, Saul Touchet, Brian Suire, and Joshua Bourque, have alleged injuries. At the time of the incident, Estis Well Service, L.L.C. ("Estis") owned and operated Rig 23, and employed Sonnier, Touchet, Suire, and Bourque (collectively, the "crew members").
>
> Haleigh McBride, individually, on behalf of Sonnier's minor child, and as administratrix of Sonnier's estate, filed suit against Estis, stating causes of action for

---

[1] McBride and Touchet cross-appeal asking this court to reconsider its prior en banc decision in this case holding that punitive damages are not available to the cross-appellants on their Jones Act and general maritime law claims. *See McBride v. Estis Well Service, L.L.C.*, 768 F.3d 382 (5th Cir. 2014) (en banc). As McBride and Touchet both concede, consideration of this claim is foreclosed by our prior en banc decision.

[2] The original named plaintiff, individually and on behalf of I.M.S., was the minor child's biological mother, Haleigh Janee McBride. I.M.S. was subsequently adopted by her maternal grandparents, and Virgie McBride was substituted as the named plaintiff.

Case: 16-30481      Document: 00513975147      Page: 3      Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH   Document 154   Filed 05/02/17   Page 5 of 12 PageID #: 6090

No. 16-30481

>   unseaworthiness under general maritime law and negligence under the Jones Act and seeking compensatory as well as punitive damages under both claims. The other crew members filed separate actions against Estis alleging the same causes of action and also requesting compensatory and punitive damages. Upon the crew members' motion, the cases were consolidated into a single action.

*Id.* at 384 (footnote omitted).

After we affirmed the district court's judgment dismissing the punitive damages claims, the case went back to the district court, culminating in a week-long bench trial. Prior to trial, Estis conceded liability under both the Jones Act and general maritime law claims, but continued to dispute damages and the right to maintenance and cure. The district court made findings of fact and conclusions of law on the record, and it awarded damages to McBride and both damages and cure to Touchet. On McBride's claims, the district court ordered Estis to pay damages for, among other things, loss of past support, loss of future support, and survival damages for pre-death fear and conscious pain and suffering. On Touchet's claims, the district court ordered Estis to pay damages for, among other things, future lost earnings / loss of earning capacity and future medical expenses, and to additionally pay cure until Touchet reaches maximum medical improvement. Estis appeals the district court's judgment on these specific awards.

## II. Standard of Review

When reviewing a judgment from a bench trial, this court reviews the findings of facts for clear error and the legal issues de novo. *Lehmann v. GE Glob. Ins. Holding Corp.*, 524 F.3d 621, 624 (5th Cir. 2008). "Under the clearly erroneous standard, we will reverse only if we have a definite and firm conviction that a mistake has been committed." *Canal Barge Co. v. Torco Oil*

Case: 16-30481    Document: 00513975147    Page: 4    Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH   Document 154   Filed 05/02/17   Page 6 of 12 PageID #: 6091

No. 16-30481

*Co.*, 220 F.3d 370, 375 (5th Cir. 2000). "If the district court made a legal error that affected its factual findings, 'remand is the proper course unless the record permits only one resolution of the factual issue.'" *Ball v. LeBlanc*, 792 F.3d 584, 596 (5th Cir. 2015) (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982)).

### III.  Discussion
#### A. McBride's Damages Award

Estis challenges the district court's award of damages to McBride for both pre-death conscious pain and suffering and loss of past and future support. We address each of Estis's arguments in turn.

#### i.  Pre-Death Fear and Conscious Pain and Suffering

Under the Jones Act, a plaintiff can recover damages for pre-death pain and suffering. *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 141 (5th Cir. 1986). Compensable pain and suffering includes a victim's "emotional injury caused by *fear of physical injury to himself*." *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927, 939 (5th Cir. 2014) (quoting *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 556 (1994)). However, for a plaintiff to recover for a decedent's pain and suffering, he "must prove, by a preponderance of the evidence, that the decedent was conscious after realizing his danger." *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1092 (5th Cir. 1988).

Estis argues that the district court erroneously awarded damages for Sonnier's pre-death fear and conscious pain and suffering because objective evidence shows that Sonnier was not conscious after impact and thus did not suffer. The district court awarded a total of $400,000 for pre-death fear and conscious pain and suffering, without further delineating between pre-injury and post-injury survival damages. As a threshold matter, Estis does not challenge the district court's finding of pre-death fear and thus fails to

4

Case: 16-30481    Document: 00513975147    Page: 5    Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH   Document 154   Filed 05/02/17   Page 7 of 12 PageID #: 6092

No. 16-30481

challenge one of the predicate injuries supporting the damages award. Nevertheless, even if he had challenged the finding of pre-death fear, there is sufficient evidence to support the district court's finding. Eyewitness testimony showed that Sonnier was aware of the danger and running for his life immediately prior to impact, and photographs from the scene showed that his body was positioned in such a way that his left arm was raised in a defensive posture to protect himself.

As to pre-death conscious pain and suffering, the pathologist who performed the autopsy on Sonnier testified that Sonnier could have been conscious and aware for up to five minutes after impact, but was more likely than not conscious for one to two minutes after impact. Moreover, witness testimony claimed that Sonnier was alive and gurgling blood shortly after impact, and the district court appears to have found this testimony credible. Estis's attempt to undermine the credibility of the eyewitness testimony based on prior inconsistent statements is unavailing. *See In re Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir. 1995) ("[W]eighing conflicting evidence and inference and determining the relative credibility of witnesses to resolve factual disputes is the [factfinder's] province." (alteration in original) (quoting *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 207 (5th Cir. 1992))). We therefore hold that the district court's finding that Sonnier was conscious after impact, the only finding challenged relative to this award, was not clearly erroneous.

### ii. Loss of Past and Future Support

Estis next argues that the district court erroneously awarded damages for loss of past and future support. The district court found that damages for loss of support were appropriate because the totality of the facts, including testimony from the child's mother and Sonnier's father, showed that Sonnier consistently supported his daughter to the extent he was able to do so. The

Case: 16-30481 Document: 00513975147 Page: 6 Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH Document 154 Filed 05/02/17 Page 8 of 12 PageID #: 6093

No. 16-30481

district court then relied on expert testimony to determine the amount awarded.

Estis contends that the amount awarded was too speculative and not supported by competent evidence. However, the district court found the methodology used by both experts to be reliable and generally accepted in the fields of vocational rehabilitation and economics, and Estis does not directly challenge this finding or point to evidence that otherwise discredits it. Although Estis asserts that the district court failed to consider Sonnier's earnings at the time of his death, the record clearly shows otherwise. Moreover, the district court limited its consideration of Sonnier's lost future earnings to a potential career path related to Sonnier's prior work experience, while explicitly rejecting more optimistic scenarios as too speculative.

Estis's remaining argument is that an award of damages for loss of support should be limited to the amount awarded in Sonnier's rescinded child support obligation. Estis points to no evidence that Sonnier's support for the child was limited to a terminated child support obligation, and likewise cites no case law, and we are unaware of any, showing that damages for loss of support must be limited to child support obligations.[3] To the contrary, the district court found that Sonnier was a devoted father who was committed to supporting the child to the extent he was able to do so and, except while incarcerated, provided the primary means of support for the child. Estis has not shown that this finding was clearly erroneous. Accordingly, we affirm the judgment as to McBride.

---

[3] *See Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 584–85 (1974) ("Recovery for loss of support . . . includes *all* the financial contributions that the decedent would have made to his dependents had he lived (emphasis added)), *superseded by statute on other grounds,* Longshore and Harbor Workers' Compensation Act Amendments of 1972, Pub. L. No. 92-576, 86 Stat. 1263, *as recognized in Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990).

Case: 16-30481 Document: 00513975147 Page: 7 Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH Document 154 Filed 05/02/17 Page 9 of 12 PageID #: 6094

No. 16-30481

### B. Touchet's Damages and Cure Awards

In challenging the damages and cure awards to Touchet, Estis argues that the district court erred by awarding cure payments for future medical expenses and damages for loss of future wages. We address each argument in turn.

#### i. Future Medical Expenses

The district court ordered Estis to pay future cure until Touchet reaches maximum medical improvement and $55,185 in future medical expenses beyond Touchet's maximum medical improvement. Estis argues that the $55,185 award for future medical expenses was erroneous because it requires Estis to pay future cure payments for an indefinite period of time. It also seems to argue that the cure payments are erroneous as a matter of law to the extent they continue beyond Touchet's maximum medical improvement. We conclude that this determination was not reversible error.

"Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). Maintenance entitles an injured seaman to food and lodging, and cure entitles an injured seaman to reimbursement for medical expenses and proper treatment and care. *Id.* "The maintenance and cure duty terminates only when maximum [medical improvement] has been reached, *i.e.,* 'where it is probable that further treatment will result in no betterment in the claimant's condition.'" *Id.* (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). When supported by a physician's testimony, it is appropriate for a district court to award future maintenance and cure until the plaintiff reaches maximum medical improvement. *See Lirette v. K & B Boat Rentals, Inc.*, 579 F.2d 968,

Case: 16-30481      Document: 00513975147      Page: 8      Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH   Document 154   Filed 05/02/17   Page 10 of 12 PageID #: 6095

No. 16-30481

969–70 (5th Cir. 1978). Moreover, a plaintiff can be awarded both cure and tort damages for future medical expenses, so long as no duplication will occur, because the cure obligation is independent of tort law. *Boudreaux*, 280 F.3d at 468–69; *see also Pallis v. United States*, 369 F. App'x 538, 545–46 (5th Cir. 2010)[4] ("It is clear from *Boudreaux* that an award of future medical expenses is not duplicative of cure because the former sounds in tort while the latter is a contractual remedy.").

A review of the record reveals that, contrary to Estis's assertion, the $55,185 award for future medical expenses was not a lump sum future cure payment but rather a damages award for Estis's tort liability. The district court made it clear that cure payments would cease once Touchet reached maximum medical improvement, and medical treatments thereafter would be compensated from the $55,185 award for future medical expenses. Indeed, each time the district court ordered cure payments it explicitly ordered Estis to pay cure, whereas the judgment awarding future medical expenses makes no mention of cure payments.

The future cure payments that the district court did award, however, were limited to paying for a surgical plan of care and continued psychological treatments until Touchet reaches maximum medical improvement. Moreover, the award was appropriately supported by the testimony of Estis's treating physicians. Far from being erroneous, the award for future cure "amounts to little if anything more than a declaration of [Estis's] undoubted duty to pay maintenance [and cure] until [Touchet] attains maximum possible cure, a duty which existed independent of and regardless of the judgment." *See Lirette*, 579 F.2d at 970.

---

[4] Although *Pallis* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

Case: 16-30481  Document: 00513975147  Page: 9  Date Filed: 05/02/2017
Case 6:11-cv-00557-PJH  Document 154  Filed 05/02/17  Page 11 of 12 PageID #: 6096

No. 16-30481

### ii. Future Lost Earnings

Estis argues that the award of damages for lost earnings was clearly erroneous because a video of Touchet actively engaged in crabbing work proves that he was not permanently disabled from offshore work. Touchet's treating physicians testified that Touchet's activities on the video were consistent with his condition but that he was more likely than not permanently disabled from oilfield work. Based on this testimony, the district court found that Touchet was permanently disabled. This factual finding was not clearly erroneous. Accordingly, we affirm the district court's judgment awarding future cure payments, future medical expenses, and future lost earnings to Touchet.

AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

May 02, 2017

Mr. Tony R. Moore
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 16-30481   Haleigh McBride, et al v. Estis Well Service, L.L.C.
                USDC No. 6:11-CV-557
                USDC No. 6:11-CV-1686

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Exhibits (1 env.) are to be returned.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Connie Brown, Deputy Clerk
                504-310-7671

cc:
    Mr. Nicholas A. Blanda
    Mr. Brian C. Colomb
    Ms. Brooke Anne Riggs
    Mr. Daniel A. Webb